## N. Y. SUPERIOR COURT.

JAMES O'BRIEN, sheriff, &c., agt. THE MERCHANTS' INSURANCE COMPANY.

SAME agt. THE COMMERCIAL FIRE INSURANCE COMPANY.

SAME agt. THE WILLIAMSBURGH CITY FIRE INSURANCE COMPANY

SAME agt. THE MECHANICS AND TRADERS' INSURANCE COMPANY.

*Discontinuance of attachment suits by sheriff.*

Section 232 of the Code limits the right of the sheriff in discontinuing attachment suits brought by him, except " at such times and upon such terms as the court or judge may direct."

The court will not allow any discontinuance of such actions on the part of the sheriff that will inure to the injury of the parties interested in the debts attached.

*Special Term, October* 25, 1874.

THESE four actions being brought in this court by the sheriff, to collect four policies of insurance of $2,500 each, by virtue of seven warrants of attachment, amounting to about $7,000, against one E. S. Candler, Jr., the party insured, the defendants, on the eve of trial, offered to pay to the sheriff the amount of the attachments and taxable costs to date, and demanded that on such payment the actions should be discontinued by the sheriff.

Motion to discontinue on said terms, under section 232 of the Code, was made by *Brown, Hall & Vanderpoel*, attorneys of record for the sheriff, and opposed by *Wm. W. Badger*, as attorney in charge of the actions on behalf of the

O'Brien agt. Merchants' Insurance Company.

attaching creditors; he holding also a power of attorney from said E. S. Candler, Jr., the party insured, and claiming to protect his interest and margin in the surplus in the policies, over and above the amount called for by the attachments.

The defendants, by *George W. Parsons*, as counsel, united in the motion of the sheriff to discontinue.

CURTIS, *J.* — It appears from the papers that the granting leave to the sheriff to discontinue these suits, commenced by him on behalf of sundry attaching creditors of one Candler, to collect claims in Candler's favor on policies of insurance, would prejudice Candler's interest in any surplus that might be due to him after the claims and costs of the attaching creditors were paid in full.

The effect of such a discontinuance, it is claimed, and seemingly with reason, would be to defeat Candler's recovery, from the insurers, of such surplus, by reason of the limitations as to the time in which he can sue.

The provisions of the Code (§ 232) limiting the right of the sheriff to discontinue this class of actions, except " at such times and upon such terms as the court or judge may direct," is evidently designed for the protection of the parties interested in the debts attached; and that there shall be no discontinuance, on the part of the sheriff, of actions that will inure to the injury of such parties.

I think it is the duty of the sheriff to prosecute these suits to judgment, and when, as provided in subdivision 4 of section 237 of the Code " the judgment and all costs of the proceedings shall have been paid, the sheriff, upon reasonable demand, shall deliver over to the defendant the residue of the attached property, or the proceeds thereof."

The motion is denied, without costs.